UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KRIS SCOTT and CAROL SCOTT,**

                **Plaintiffs,**

    **v.**                                                  **3:10-CV-425**

**ROTO-DIE, INC.,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiffs commenced this action to recover damages for Plaintiff Kris Scott's injury that occurred on July 10, 2007 when, while assisting a co-worker in operating a Roto-Die sheet metal bending machine Model 15/12, he had three fingers amputated by the machine. Defendant moves for summary judgment contending that it was not the company that manufactured or sold the machine[1] and that, under the circumstances, there can be no successor liability. See dkt. # 17. Plaintiffs have responded to the motion. See dkt. # 23. Although conceding that there can be no successor liability, Plaintiffs asserts that Defendant can be held liable under a post-marketing failure to warn theory. Id. Defendant

---

[1] The machine was sold in 1969 to Reiner Machinery Co. and shipped to Erik Sheet Metal Corp. in Binghamton, N.Y. See Def. Stat. of Undisputed Facts, ¶ 1. At the time Plaintiff Kris Scott was injured, he was working for his employer J & J Plumbing & Heating Co. in Binghamton, N.Y. Compl. ¶ 10.

1

has replied, arguing that under the facts a post-marketing failure to warn theory cannot be imposed. See dkt. # 25.

**II.   DISCUSSION**

Based on Plaintiffs' concession that there can be no successor liability by Defendant, all claims (or parts thereof) based upon the contentions that Defendant manufactured, designed or sold the Roto-Die sheet metal bending machine Model 15/12 are dismissed.

As to Plaintiffs' argument that Defendant can be held liable under a post-marketing failure to warn theory, the evidence presented in Defendant's reply papers [dkt. # 25] appears to indicate that Defendant had no business relationship with Scott's employer and had no basis to be aware that Scott's employer had a Roto-Die sheet metal bending machine Model 15/12.  Moreover, these papers appear to indicate that Defendant was not aware of any litigation concerning this machine.  Therefore, there would appear to be no basis to impose a duty to warn upon Defendant. See Gordon v. Muchnick, 180 A.D.2d 715, 715 (2nd Dept. 1992)("Absent a duty of care, there can be no breach and no liability."); see also Schumacher v. Richards Shear Co., Inc., 464 N.Y.S.2d 437, 430 (1983)(a negligence cause of action for failure to warn may exist on behalf of an employee injured by an unsafe machine against a manufacturing corporation which subsequently acquires all or part of the assets of the manufacturer of the machine where there is a relationship between the acquiring corporation and the purchaser of the machinery, and where the acquiring corporation possesses or has reason to possess knowledge concerning the risk of personal injury created by operation of the machine).

Still further, the record citations provide by Defendant appear to indicate that Scott

was aware of the apparent risk of injury in operating the machine in the manner that he did. Under these circumstances, there would appear to be no duty to warn even if Defendant was aware that Scott was operating the Roto-Die sheet metal bending machine Model 15/12. See Liriano v. Hobart Corp., 92 N.Y.2d 232, 241 (1998)("[A] limited class of hazards need not be warned of as a matter of law because they are patently dangerous or pose open and obvious risks.").

However, because these factual issues were raised on reply without the opportunity for Plaintiffs to respond, the motion for summary judgment must be denied without prejudice to renewal as to Plaintiffs' claims of liability premised upon a post-marketing failure to warn theory. See Booking v. General Star Management Co., 254 F.3d 414, 418 (2d Cir. 2001)(opposing party should be given opportunity to respond to arguments raised for first time in reply papers).[2]  The Uniform Pretrial Scheduling Order is amended to allow Defendant to file a renewed motion for summary judgment by November 7, 2011.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment [dkt. # 17] is **GRANTED IN PART and DENIED IN PART**.  The motion is granted inasmuch as all claims (or parts thereof) based upon the contentions that Defendant manufactured, designed or sold the Roto-Die sheet metal bending machine Model 15/12 are **DISMISSED.** The motion is denied as to the remaining claim of liability based upon a post-marketing failure to warn theory.  The denial in this respect is without prejudice to

---

[2] Plaintiffs have not requested to file a sur-reply, so the Court finds it more prudent to allow Defendant to file a renewed motion which will place the proper burdens on the parties in the context of the Federal and Local Rules.

Defendant filing a renewed motion for summary judgment. The Uniform Pretrial Scheduling Order is amended to allow Defendant to file a renewed motion for summary judgment by November 7, 2011.

**IT IS SO ORDERED**

**Dated:** October 17, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge