**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KRIS SCOTT and CAROL SCOTT,**

                              **Plaintiffs,**

        **v.**                                                    **3:10-CV-425**

**ROTO-DIE, INC.,**

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                              **DECISION & ORDER**

**I.      INTRODUCTION**

        Following the Court's decision on Defendant's prior motion for summary judgment,

see 10/17/11 Dec. & Ord., dkt. # 29, the sole remaining claim for liability was under a post-

marketing failure to warn theory.  Defendant was granted leave to file a second summary

judgment motion seeking to dismiss this claim, which is now before the Court. See Mot.,

dkt. # 30.  Plaintiffs have not filed opposition to the motion, and their time to do so has

expired.  For the reasons that follow, the motion is granted.

## II.     BACKGROUND[1]

Plaintiffs commenced this action to recover damages for Plaintiff Kris Scott's injury

that occurred on July 10, 2007 when he had three fingers amputated by a Roto-Die sheet

metal bending machine Model 15/12 at his place of employment. Operation of the Roto-

Die machine entails an operator pressing down on a foot pedal that causes a ram with a

die unit attached to it be lowered so that it comes into contact with the metal on a table

under the ram and bends the metal.  Id. pp. 44-45.  When the operator takes his foot off of

the pedal, the ram and die unit go up and the metal can be removed from the machine.

Id. pp. 56-57, 59.

At the time of his injury, Plaintiff was assisting a co-worker, who was operating the

Roto-Die machine, in attempting to change the 8 foot die unit attached to the operational

ram.  Scott Dep. pp. 27, 56-66, 76-87.  Plaintiff was of the understanding that bolts

securing the die unit to the operational ram had been loosened, and that the die unit would

separate from the ram when lifted. Plaintiff and the operator placed their hands under the

operational ram in order to catch the die unit when the operational ram was lifted. Id. 76-

87.  Because the die unit did not dislodge from the operational ram when lifted, the

operator started slowly lowering the operational ram back down to allow for further

---

[1]Due to Plaintiff's failure to file opposition to the pending motion, the supported factual allegations in Defendant's papers are deemed admitted for purposes of this motion. See Fed. R. Civ. P. 56(e)(2); N.D.N.Y. L.R. 7.1(a)(3); see also Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002)("We agree . . . that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(Local rules requiring Statements of Material Facts are "designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts. . . . While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out.").

loosening of the bolts holding the die unit to the operational arm. Id. pp. 83-84.  Plaintiff

was, at this time, still "holding onto the ram because [he] didn't want the die to fall out." Id.

p. 85.  However, "before [Scott] knew it, it just came down on [his] hands" crushing his

fingers. Id. p. 86-87.   Plaintiff admitted that it is "common sense" to keep his hands out of

the operating machine, id. p. 66, and that it was obvious to keep his hands away from the

ram when it was operating. Id. pp.  66, 68-69.  At the time of Plaintiff's injury, he had

operated the Roto-Die sheet metal bending machine Model 15/12 once a week for two to

three months prior to the incident. Id. p. 37.

## III.    DISCUSSION[2]

To prevail on a claim for negligent failure to warn, a plaintiff must demonstrate that

(1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses

about which it knew or should have known, and (3) that failure to do so was the proximate

cause of the harm. Liriano v. Hobart Corp., 92 N.Y.2d 232, 237 (1998).  "A manufacturer

has a duty to warn against latent dangers resulting from foreseeable uses of its product of

which it knew or should have known." Id.  Absent a duty of care, however, there is no

breach and no liability. See generally Gordon v. Muchnick, 180 A.D. 2d 715, 715 (2d Dept.

1992).

"No duty to warn arises when the injured party is already aware of the specific

---

[2]Plaintiffs' failure to oppose this motion for summary judgment is deemed abandonment of the sole reaming claim in this action. See Rizzo-Puccio v. College Auxiliary Services, Inc., 216 F.3d 1073 (2d Cir. 2000) (claims not addressed in opposition to defendants' motion for summary judgment were deemed abandoned).  The Court will proceed to determine whether Defendant has met its burden of demonstrating its entitlement to summary judgment. See N.D.N.Y.L.R. 7.1(b)(3)("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown.").

hazard." <u>Wick v. Wabash Holding Corp.</u>, --- F. Supp.2d ----,  2011 WL 938383, at *10

(W.D.N.Y., March 14, 2011); <u>see</u> <u>Lancaster Silo & Block Co. v. Northern Propane Gas</u>

<u>Co.</u>, 75 A.D. 2d 55, 65 (4th Dept. 1980)(It is well settled that there is no duty to "warn a

consumer already aware through common knowledge or learning of a specific hazard.").

Put another way, a defendant has no duty to warn a plaintiff about risks for which he was

aware of, or should have been aware of, through his professional experience, learning and

common knowledge. <u>Billiar v Minnesota Mining and Mfg. Co.</u>, 623 F.2d 240, 243 (2d Cir.

1980); <u>see</u> <u>Butler v. Interlake Corporation</u>, 244 AD.2d 913 (4th Dept. 1997); <u>Lancaster Silo</u>

<u>& Block Co</u>, 75 A.D. 2d at 55.

Here, Plaintiff's deposition answers establish that the danger from the machine was

open and obvious and that Plaintiff was aware of the danger posed by placing his hand in

the machine while another person was operating it.  Thus, Defendant had no duty to warn

Plaintiff because he was aware of the hazards presented by the unguarded operational

ram. <u>See</u> <u>Billiar</u>, 623 F.2d at 243 (2d Cir. 1980).

Moreover, and assuming *arguendo* that a duty to warn existed, the open and

obvious nature of the danger negates any determination that the lack of a warning was a

proximate cause of Plaintiff's injuries.  <u>See</u> <u>Burke v. Spartanics, Ltd.</u>, 252 F.3d 131, 139

(2d Cir. 2001)("Thus, it may well be the case that a given risk is not 'obvious,' in the sense

of precluding any duty to warn, but that nevertheless, because the risk was well

understood by the plaintiff, a warning would have made no difference.")(citing <u>Brady v.</u>

<u>Dunlop Tire Corp.</u>, 711 N.Y.S. 2d 633, 634–36 (3d Dept. 2000).  As indicated above,

Plaintiff was aware that, based on common sense and his prior experience operating the

Roto-Die machine, it was dangerous to place his hands inside the machine and under the

ram while it was being operated, but he did so anyway in an attempt to remove the die unit.  Under these circumstances, "the failure to warn was therefore not a cause of the harm." Burke, 252 F.3d at 139;  see also Liriano, 92 N.Y.2d at 241 ("where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious, a lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger.").  No reasonable fact finder could conclude that the lack of a warning[3] was a proximate cause of Plaintiff's injuries.

## IV.    CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment [dkt. # 30] is **GRANTED** and the sole remaining claim against Defendant in this action is **DISMISSED**.  Based upon Defendant's acknowledgment that its third-party action against J&K Plumbing and Heating Co., Inc. (Plaintiff Kris Scott's employer at the time he was injured) is rendered moot if Plaintiffs' action against Defendant is dismissed, see dkt. # 32, the third-party action is **DISMISSED as moot.**  The Clerk is directed to mark this case as closed.

**IT IS SO ORDERED**

**Dated:**December 7, 2011

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3]It should also be noted that Plaintiffs have not proffered what type of warning they contend should have been provided.

5